IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STONE & WEBSTER CONSTRUCTION, INC., §
§
§
Plaintiff, §
§ CIVIL ACTION NO. H-06-2426
v. §
§
E-J ELECTRIC INSTALLATION CO., §
§
Defendant. §

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Docket Entry No. 16). For the reasons stated below, defendant's motion will be granted.

## I. Background

This action arises out of a construction subcontract and related documents between plaintiff, Stone & Webster Construction, Inc., and defendant, E-J Electric Installation Co. Plaintiff, a Louisiana corporation, contracted with Astoria Energy to perform engineering, procurement, and construction services for Astoria Energy's 500 megawatt power plant facility in Astoria, New York (the "Astoria Facility"). Plaintiff then subcontracted a portion of the Astoria Facility work to defendant, E-J Electric, a New York corporation with its principal place of business in New York. The purchaser of the power generated at the Astoria

Facility is Consolidated Edison Company of New York, Inc. ("Con Ed"), which provides electric services to customers in New York City and Westchester County, New York.

Plaintiff contends that much of its work under the subcontract took place in its Houston office, which was designated as the project's profit center.[1] Plaintiff alleges that defendant met with plaintiff in Houston to negotiate the terms of a subcontract and that plaintiff managed many aspects of the subcontract through its Houston office. The subcontract states:

> Subcontractor shall supply all adequate and competent labor; supervision; management; tools; equipment; . . . and other things necessary for completion of the electrical construction for Phase I of the Astoria Energy Project . . . . The Project Site includes the land situated at 17-10 Steinway Street in the Bowery Bay/Steinway Industrial Area of Astoria, Queens, New York . . . .[2]

The subcontract also contains choice of law and forum selection clauses:

> 62.3 If the Parties are unable to resolve the dispute . . ., then the aggrieved party may file suit on the issue in any court of competent jurisdiction in the State of New York.[3]

---

[1]Plaintiff's Response to E-J's Motion to Transfer Venue [to New York] Pursuant to 28 U.S.C. § 1404(a), Docket Entry No. 18, pp. 1–2.

[2]Defendant E-J Electric Installation Co.'s Motion to Transfer Venue, Docket Entry No. 16, Exhibit 1B, Part I, ¶ 1 at p. 1.

[3]Id., Exhibit 1A, Part IV, at p. 69.

. . .

> 65 This Subcontract shall be interpreted and applied in accordance with the laws of the State of New York, without regard to any choice or conflict of law rules or statutes thereof, and without regard to any other law, regulation, order, rule of construction, or case law that would require or tend to give preference to the applicability of the laws of any other state or jurisdiction.[4]

Defendant later hired MSE Power Systems, Inc. ("MSE"), of Albany, New York, as a subcontractor to perform engineering and procurement for the Astoria Facility project.

Plaintiff filed this action in Texas state court alleging breach of the subcontract, unjust enrichment, and negligence.[5] Defendant removed the action to this court pursuant to 28 U.S.C. § 1332 and now requests transfer to the Eastern District of New York under 28 U.S.C. § 1404(a).

## II. Analysis

Section 1404(a) allows district courts to transfer an action to another proper venue "for the convenience of parties and witnesses" if such a transfer will be "in the interest of justice." 28 U.S.C. § 1404(a) (2006). "The determination of 'convenience' turns on a number of private and public factors, none of which are given dispositive weight." In re Volkswagen of America, Inc., 371 F.3d 201, 203 (5th Cir. 2004). These factors include (1) the

---

[4] Id.

[5] Plaintiff's Original Petition, Exhibit A, pp. 5-10, Docket Entry No. 1.

relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws and of the application of foreign law. Id. If a forum selection clause exists, it "will be a significant factor that figures centrally in the district court's calculus." Stewart Org., Inc. v. Ricoh Corp., et al., 108 S. Ct. 2239, 2244 (1988).

Although federal courts have traditionally deferred to plaintiff's choice of forum (see, e.g., Gulf Oil Corp. v. Gilbert, 67 S. Ct. 839 (1947)), the Eleventh Circuit has held that presence of a valid forum selection clause alters this presumption. In re Ricoh Corp., et al., 870 F.2d 570, 573 (11th Cir. 1989); see also, ABC Rental Sys., Inc., et al. v. Colortyme, Inc., et al., 893 F. Supp. 636, 639 (E.D. Tex. 1995). While the Fifth Circuit has not yet adopted this analysis, the court is persuaded by the Eleventh Circuit's opinion in In re Ricoh that "[i]n attempting to enforce the contractual venue, the movant is no longer attempting to limit the plaintiff's right to choose its forum; rather, the movant is trying to enforce the forum that the plaintiff had already chosen: the contractual venue." In re Ricoh, 870 F.2d at 573. However, the court need not decide whether the Eleventh

Circuit's analysis controls because the court is persuaded that transfer of venue is appropriate under the traditional public- and private-factor analysis.

The convenience of the parties and the witnesses weighs in favor of transfer to the Eastern District of New York. Not only are defendant and all of its employees located in New York or the tri-state area, but Astoria Energy, MSE,[6] and their employees are also located there.[7] Plaintiff argues that for witnesses who live in neither Texas nor New York, Texas is the more convenient forum because the cost associated with hotels and dining is higher in New York than in Texas.[8] The court is not persuaded by this argument. The difference in cost is not so great as to weigh heavily in either direction.[9] Moreover, the fact that New York may

---

[6]Defendant asserts that MSE's services were used to create the design for the feeders from Astoria Energy to Con Ed's Astoria Substation and will therefore provide key testimony. Defendant E-J Electric Installation Co.'s Motion to Transfer Venue, Docket Entry No. 16, p. 7.

[7]Although plaintiff contends that employees of a Texas manufacturer of parts used on the project will provide key testimony, this does not outweigh the relative inconvenience to the remaining witnesses. Plaintiff's Response to E-J's Motion to Transfer Venue to New York, Docket Entry No. 18, p. 16.

[8]Id. at 13–15.

[9]See id. at 14 (noting, among other things, that a Hilton Hotel room in Houston costs $199 per night while the same room in Long Island costs $219 per night). See also Defendant E-J Electric Installation Co.'s Reply in Further Support of Its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), Docket Entry No. 19, pp. 9–10 (further noting comparable hotel rates between the two areas).

be more expensive than Texas is not the determinative factor in assessing convenience.

> When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability of meal and lodging expenses . . . .

In re Volkswagen AG, 371 F.3d at 204–05 (citations omitted). Where, as here, many witnesses live and work in the New York area, the Eastern District of New York is a more convenient forum even if it may be a more expensive forum for witnesses who are not from the northeast.

The fact that New York law applies to the dispute weighs heavily in favor of transfer because New York federal courts have greater familiarity with New York law. New York also has a strong interest in resolving this issue because the Astoria Facility project not only involves New York residents but also is subject to the New York state energy regulatory framework.

Although plaintiff argues that the New York courts are more congested than Texas courts, this consideration does not outweigh the other factors considered by the court.[10]

Plaintiff agreed, in the subcontract's forum selection clause, that New York was a convenient venue for disputes such as this

---

[10]Plaintiff's Response to E-J's Motion to Transfer Venue to New York, Docket Entry No. 18, p. 11.

action.[11] Plaintiff cannot be heard now to argue that New York is an inconvenient forum to litigate this dispute after it contractually agreed to litigate it in New York.

## III. Conclusion and Order

For the reasons stated above, the court concludes that transfer to the Eastern District of New York is appropriate under 28 U.S.C. § 1404(a). Accordingly, Defendant's Motion to Transfer Venue (Docket Entry No. 16) is **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the Eastern District of New York.

**SIGNED** at Houston, Texas, on this 6th day of October, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE

[11]Plaintiff's argument that this clause is permissive rather than mandatory is not determinative. Plaintiff's Response to E-J's Motion to Transfer Venue to New York, Docket Entry No. 18, pp. 21–22. Although the court is not convinced that the forum selection clause is permissive, rather than mandatory, this issue need not be decided to resolve the motion to transfer.